[Civ. No. 19252. Second Dist., Div. One. Feb. 5, 1953.]

HARRIETT GREEN et al., Appellants, v. SEARS, ROE-BUCK AND COMPANY (a Corporation) et al., Respondents.

David Silverton for Appellants.

John L. Wheeler and John J. McCue for Respondents.

PATROSSO, J. pro tem.—In this action for damages against the respondents and others, the amended complaint alleges that the defendants without the consent of the plaintiffs and in their absence entered the residence of the plaintiffs and conducted a search of plaintiffs' household goods, clothing and personal effects without a search warrant and removed certain personal property therefrom, a portion of which was never returned to the plaintiffs and a portion of which was returned in a damaged condition, for which plaintiffs pray general damages in the sum of $25,000, special damages in the sum of $1,000, and punitive damages in the sum of $50,000. All of the defendants other than Sears, Roebuck and Company and John Marine, were dismissed from the case and

hence we are not concerned with them here. The respondents answered, denying all of the material allegations of the complaint, and following a trial by the court without a jury judgment was entered in their favor, from which plaintiffs appeal.

The trial court found that the plaintiffs took a number of articles of merchandise from the Olympic Boulevard store of respondent Sears, Roebuck and Company without paying therefor and that they were thereupon apprehended by the respondent Marine who was an employee of Sears, Roebuck and Company as a security supervisor at this store and at the time was also a special police officer of the city of Los Angeles; that the respondent Marine, in company with two police officers of the city of Los Angeles, at the express invitation and with the consent of the appellants, entered the premises of the latter for the purpose of reclaiming a black felt hat that had been taken by the appellants from Sears, Roebuck and Company's Vermont Street store and for the purpose of identifying other merchandise of Sears, Roebuck and Company which appellants stated that they had taken from various stores of Sears, Roebuck and Company without paying therefor; that the act of the respondent Marine and the said police officers in entering the residence of appellants was lawful and the search conducted therein was reasonable and proper; that the police officers mentioned, at the invitation and with the consent of the appellants, removed from the latter's residence the said black felt hat and certain other merchandise that bore identifying marks indicating that Sears, Roebuck and Company was the retail source of such merchandise and the same was delivered into the custody of and held by the police department of the city of Los Angeles as evidence in connection with criminal proceedings then pending against the appellants, upon the conclusion of which the said merchandise was returned by the Los Angeles police department to the appellants with the exception of the black felt hat which was the property of the respondent Sears, Roebuck and Company. It was further found that the respondents did not take or injure any property of the appellants.

While appellants complain of the judgment, the scanty briefs filed in their behalf in this court leave us in the dark as to the basis of their claim in this regard. It is said that it is "undisputed that defendants took from the plaintiff certain merchandise, to-wit, 4 hats of the value of Seventy-five ($75.00) Dollars, and if there were no other reason for

a judgment in favor of the plaintiffs there should certainly be judgment for plaintiff's for this conversion.'' The complete answer to this is that not only was there no direct evidence that these items were taken by the respondents or either of them but the evidence introduced upon behalf of the respondents was that they took no property of any kind from the residence of the appellants. Even if it were to be conceded, however, that there was some evidence which might have justified a contrary inference, we are concluded by the trial court's finding in view of the conflicting evidence.

The same may be said of appellants' complaint of the trial court's finding that the entry of the respondent Marine and the police officers into appellants' residence was with their consent. While this was denied by the appellants, it is conceded there was ample testimony to the contrary. The appeal is devoid of merit.

In view of the foregoing we find it unnecessary to consider respondents' motion to dismiss the appeal upon the ground that it is frivolous.

Motion to dismiss is denied and the judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 3, 1953.